Filed 11/22/21  P. v. Jones CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY JONES,<br><br>    Defendant and Appellant. | B312503<br><br>Los Angeles County<br>Super. Ct. No. BA081513 |

APPEAL from an order of the Superior Court of Los Angeles County, Larry P. Fidler, Judge. Affirmed.

Thomas T. Ono, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

A jury found Johnny Jones guilty of first degree murder with special circumstances. Jones was sentenced to an indeterminate term of life without the possibility of parole. A different panel of this court affirmed the judgment in 1996. (*People v. Johnny Jones IV* (Dec. 11, 1996, B090399) [nonpub. opn.] (*Jones I*).) In this appeal, Jones challenges the trial court's 2021 order denying his petition for resentencing under Penal Code[1] section 1170.95. We affirm.

# BACKGROUND[2]

Emigdio Garcia was a street vendor. He sold pork skins, sodas, peanuts, fruit, and toys from a handcart he pushed on the streets. Garcia carried a knife that he used in his business, to cut string and fruit. The knife had a handle that made it look like a gun. At about 11:00 a.m. on Monday, March 23, 1993, Garcia was walking down Central, near 108th, heading towards a hamburger stand. Garcia stopped for a red light then crossed the street.

Garcia noticed a group of people, including a woman and two men, standing across from the hamburger stand. One of the men was Jones. Garcia heard the woman's voice say something like, "Go to stealing." As Garcia continued to push his cart down the street, he heard someone walk up behind him. He turned and saw Jones, who said, "Hey, hey, hold on." Garcia stopped. Jones

---

[1] All undesignated statutory references are to the Penal Code.

[2] On August 24, 2021, Jones asked us to take judicial notice of the opinion in his direct appeal, and he references the facts set forth in *Jones I* in his brief. We granted his request on August 31, 2021. Our summary of the underlying facts is taken from *Jones I*.

asked Garcia the price of the toy balloons, and Garcia said two dollars. Jones said, "Give me one," and took out a five-dollar bill. As Garcia began to hand him the balloon, Jones pulled out a gun, pointed it at Garcia's stomach, and said, "Well, give me everything you have." Garcia did not have any money. He told Jones he "had one too", and he tried to defend himself. When Jones put his hand down to grab Garcia's knife, Garcia grabbed Jones's gun hand and began struggling with him on the ground. As they struggled, a group of people gathered around them and another man came up and began to kick Garcia in the head and the chest. Garcia hung on to Jones's gun hand. Garcia finally managed to stop the assault by saying that he saw the police coming.

Garcia ran across the street and towards the hamburger stand, calling for help. When he went back across the street again, Garcia saw Jones and the man who had been kicking him pushing his vending cart away. As they did so, they and other people began to steal things from the cart. Garcia then saw a red car drive up and stop. A man, later identified as Jose Macias, got out and confronted Jones. Macias had nothing in his hands when he got out of the car; he held his hands up as he tried to intervene. Jones walked towards Macias. Macias took an umbrella from Garcia's cart. Jones shot Macias several times, from a distance of about six feet, and then he and his accomplice ran off. Macias was killed by four gunshot wounds, two in the head and two in the chest. At the time of the shooting, Jones and his accomplice were at one end of the cart and Macias at the other.

Garcia ran after Jones, but he stopped when he saw a patrol car coming. Jones was captured after a short chase. Police

found a handgun in his pocket and arrested him. While he was on the ground, Jones said to one of the officers, "Yeah, big man, I fucked up." As Garcia was giving information to police, a car drove up and Jones was taken from the rear seat and transferred to another car. As this happened, Garcia said in an excited tone, "That's him, that's him."

Following a jury trial in 1994, Jones was found guilty of first degree murder. The jury determined that Jones willfully, unlawfully, and with malice aforethought, killed Macias. The jury also found true the allegations that Jones committed the murder during a robbery and personally used a firearm. Jones was sentenced to an indeterminate term of life without the possibility of parole.

On April 5, 2021, Jones, representing himself, filed a petition for relief and supporting documentation under section 1170.95. He alleged his murder conviction, under the felony murder rule and natural and probable consequences doctrine, is no longer valid under sections 188 and 189. On the second page of his petition, Jones also alleged he was not the actual killer. On the next page, however, Jones asserted that he killed Macias accidently when Macias tried to take Jones's gun "and the firearm went off." According to Jones, Macias's killing was an " 'Accident of Misfortune and/or Accidental Death,' punishable [as] involuntary manslaughter and/or manslaughter." Jones claimed his trial counsel was ineffective for failing to ask the court to instruct on a lesser offense. Jones also claimed he was a minor with the mental state of a child at the time of his conviction. Although he did not expressly ask the court to appoint him counsel, Jones stated "the office's [*sic*] position is that

4

defense counsel should be appointed when the petition is filed and there should be no summary denial[ ] by the court."

On April 14, 2021, the court summarily denied the petition without appointing counsel to represent Jones. The court found Jones was ineligible for relief because "[h]e can still be convicted under current law as the actual perpetrator. It has been shown beyond a reasonable doubt he acted with malice."

Jones timely appealed from the April 2021 order. In his notice of appeal—titled "Motion on appeal pursuant to Penal Code section 42.18-A"—Jones stated that due to his adolescence, and because Macias lunged at him during the robbery, Jones was forced to kill Macias "out of the heat of passion" and in self-defense.

On September 22, 2021, appointed counsel filed a brief in which counsel raised no issues and asked us to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436. This court notified Jones that his attorney had failed to find any arguable issues and that he could submit by brief or letter any arguments he wished this court to consider. We have not received a response.

## DISCUSSION

Guided by our Supreme Court's recent opinion in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), we conclude the trial court erred by failing to afford Jones the assistance of counsel before denying the petition. (*Id.* at pp. 961–970.) We further conclude the error was harmless, as there is no reasonable probability that had Jones been afforded the assistance of counsel, he would have made a prima facie showing of eligibility for relief. (See *id.* at pp. 973–974.)

5

In light of Jones's admissions in his petition and notice of appeal, and the jury's verdict and findings, his first degree murder conviction necessarily reflected a finding that Jones was Macias's actual killer. Because Jones was convicted as the actual killer, he is ineligible for relief under section 1170.95 as a matter of law. (See § 1170.95, subd. (a)(3) [petitioner is eligible for relief only if, inter alia, "[t]he petitioner could not [now] be convicted of first or second degree murder because of changes to Section 188 or 189 made [by Senate Bill No. 1437]"]; *Lewis, supra*, 11 Cal.5th at p. 959 ["the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who [inter alia] is not the actual killer'"].) Accordingly, the court's denial of Jones's request for the appointment of counsel was harmless. (See *Lewis,* at pp. 973–974.)

We have examined the entire record, and are satisfied appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, J.

WE CONCUR:

EDMON, P. J.

KNILL, J.*

---

* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.